UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN A. WILLIS-JOHNSON,<br><br>             Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>             Defendant. | CASE NO. CV 07-00961 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff Lynn Willis-Johnson, a United Air Lines flight attendant, was assaulted in Colorado in 1975, resulting in severe head injuries. These injuries required significant surgery and rehabilitation. Although she returned to work and remained a flight attendant until her retirement in 2005, the Administrative Law Judge found, with substantial evidentiary support, that Plaintiff's residual injuries preclude her from returning to her past relevant work. The sole issue before the Court on this application to review the Commissioner's denial of disability benefits is whether Plaintiff can perform other work.

        Plaintiff argues that the residual functional capacity found by the Administrative Law Judge dictates a finding of disability. Plaintiff reasons that the sole job which the vocational expert stated she could perform carries an exertional level of "light," and that a person of her age is deemed disabled by Rule 202.06 of the Medical-Vocational Guidelines ("the grids"), 20 C.F.R. Part 404, Subpart P, Appendix II. The

Case 2:07-cv-00961-RZ   Document 20   Filed 10/22/07   Page 2 of 2   Page ID #:71

activities. [AR 195-99] And Plaintiff herself had testified that she could not work an eight hour day, because she could not remember things long enough, could not concentrate long enough, and was left so exhausted that she required either ten to twelve hours of sleeping per day, or extensive napping. [AR 350-53; *see also* AR 78, 86, 332] Even when working as a stewardess, there were accommodations which allowed Plaintiff to function: she took flights which left after four and which had a 24-hour layover, and she only worked three or four days a week. [AR 320] These accommodations would not be present in a typical job.

The Commissioner erred in declining to give the treating physician's views and observations the weight they deserved. This case demonstrates how important the treating physician's perspective can be, because the treating physician, having experience over a period of time with Plaintiff, was able to understand the way in which Plaintiff truly functions, and how some responses might mask the true underlying inability to cope. It is for this reason that the treating physician's perspective is the preferred one under the law; "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

The decision of the Commissioner is reversed. It is clear that the record is well developed, and that the Commissioner cannot carry his burden at Step Five of the sequential evaluation. Accordingly, it is appropriate to award benefits. *Harman v. Apfel*, 211 F.3d, 1172, 1178 (9th Cir. 2000); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

IT IS SO ORDERED.

DATED: October 19, 2007

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE